## Coon *against* Knapp.

### *Parol evidence to explain receipt.*

THE plaintiff was injured by the overturning of a stage coach belonging to the defendant, in which she was a passenger. This action was brought to recover damages for such injury. About four weeks after the injury the defendant paid the plaintiff forty dollars, and she executed a receipt, of which the following is a copy:

"Received, Brookfield, July 11, 1849, of Wm. D. Knapp, forty dollars, in full for damages done to us by the stage accident of the 13th June last. Maria L. Coon, Caroline Coon."

Parol evidence was admitted for the purpose of explaining the receipt, the defendant excepting to the

decision admitting it. The evidence was in substance, that the plaintiff, at the time of executing the receipt, said to the defendant that if she got well, so that she could walk in three months from the time of the injury, she would be satisfied, if not, she should not. The judge charged the jury that the receipt upon its face constituted a perfect defence, and should be so held unless the plaintiff had succeeded in showing by the parol evidence that there was a condition annexed to the receipt, which did not appear in the receipt itself. The jury rendered a verdict in favor of the plaintiff. A new trial was ordered by the Court of Appeals, on the ground that, in the absence of fraud, parol evidence was not competent to contradict or vary the written instrument introduced by the defendant. That it was not a mere receipt, but was an agreement, by which the damages, otherwise uncertain, to which the plaintiff was entitled, were liquidated and settled.

(S. C., 8 N. Y. 402.)